IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| B.W. and K.S., Individually, and as Next Friends and Natural Guardians of E.W., a minor child and protected person,<br><br>        Plaintiffs,<br><br>vs.<br><br>DOUGLAS COUNTY SCHOOL DISTRICT # 17, a/k/a MILLARD PUBLIC SCHOOLS DISTRICT/MILLARD SCHOOLS HIGH SCHOOL, HEIDI WEAVER, in her individual and official capacities, MATTHEW FEDDE, in his individual and official capacities, KIP COLONY, in his individual and official capacities, MICHELLE KLUG, in her individual and official capacities, and ANDREW PINKALL, in his individual and official capacities,<br><br>        Defendants. | 8:19-CV-00301<br><br>**PROTECTIVE ORDER** |

      THIS MATTER is before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order. ([Filing No. 42](#).) The motion is granted. Accordingly,

      IT IS THEREFORE ORDERED that the Joint Motion for Entry of Stipulated Protective Order be and the same hereby is sustained, and that all information, documents, photographic evidence, and testimony produced and obtained during the course of discovery regarding and concerning the "diary" of E.W., student records of E.W. or other non-party student of Millard Public Schools containing any personally identifiable information as defined in FERPA 20 U.S.C. 1232 g; 34 C.F.R. Part 99 and personnel records of Defendant's Weaver, Colony, Klug and Pinkall as provided in Neb. Rev. Stat. §79-8,109 as well as non-party personnel of Millard Public Schools

and has therefore been marked or otherwise designated as confidential in the manner set forth below, shall only be disseminated as follows:

- To the parties, their claim administrators, and their counsel, including firm lawyers, firm paralegals, and firm support personnel who are working on this action with counsel, who shall collectively be bound by the terms of this Order. For Defendant Millard Public Schools "parties" shall also include its Board Members, Administrators, and support personnel working on this action with counsel;
- To the person employed by counsel as vendors, consultants, or expert witnesses or consultants in this action; provided, however, no Confidential Information shall be provided to such persons until they have executed a written agreement not to disseminate, in the form attached hereto as Exhibit A;
- To witnesses at trial, or during deposition; provided, however, no Confidential Information shall be provided to such persons until they have executed a written agreement not to disseminate, in the form attached hereto as Exhibit A;
- To judges, court personnel, and the jury in this action under seal; and
- To certified court reporters acting as such.

IT IS FURTHER ORDERED that the written agreement not to disseminate, titled Nondisclosure Agreement, attached to this Protective Order as Exhibit A is incorporated herein; that all confidential documents filed shall be filed under seal pursuant to the provisions of the Local Rules of this Court; and that nothing in this Protective Order shall prevent any party from seeking such additional or further protection as deemed necessary or appropriate to protect documents or information subject to discovery herein;

IT IS FURTHER ORDERED that Confidential Information shall be designated as such:

- In the case of documents (including electronically stored information) produced in hard copy or electronically, by placing the word "Confidential" on each page designate confidential in any such document(s);
- In the case of responses to written discovery by inserting the word "Confidential" prior to each response containing Confidential Information;
- In the case of depositions, by either designating testimony as confidential on the record during the deposition or in correspondence sent to all other parties within thirty (30) days after receipt of the transcript of the deposition; provided, however, all depositions of the parties or their current or former employees shall be deemed to be Confidential Information until thirty (30) days after the receipt of the transcript of the deposition;

IT IS FURTHER ORDERED that nothing herein shall preclude a party from challenging the designation of any information, document, or testimony as confidential, by notifying counsel for the disclosing party in writing of such objection, specifying with particularity the material believed to be improperly classified and the basis for the contention that such material should not be designated as confidential, whereupon counsel for the parties shall negotiate in good faith to resolve the dispute over such designation, and only upon failure to resolve such dispute, counsel for the disclosing party may file a motion seeking appropriate relief; provided, however, that in the absence of resolution or motion within thirty (30) days of service of such objection, the information, document or testimony at issue will no longer be considered confidential;

IT IS FURTHER ORDERED that the obligations imposed by this Protective Order shall survive the termination of this action and any related actions.

Dated this 12th day of June, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| B.W. and K.S., Individually, and as Next Friends and Natural Guardians of E.W., a minor child and protected person,<br><br>      Plaintiffs,<br><br>vs.<br><br>DOUGLAS COUNTY SCHOOL DISTRICT # 17, a/k/a MILLARD PUBLIC SCHOOLS DISTRICT/MILLARD SCHOOLS HIGH SCHOOL, HEIDI WEAVER, in her individual and official capacities, MATTHEW FEDDE, in his individual and official capacities, KIP COLONY, in his individual and official capacities, MICHELLE KLUG, in her individual and official capacities, and ANDREW PINKALL, in his individual and official capacities<br><br>      Defendants. | 8:19-CV-00301<br><br>**EXHIBIT "A"** |

    The undersigned, having read the Protective Order Issued by the United States District Court for the District of Nebraska, in the above-captioned action, a copy of which is attached hereto, which protects the confidential information of the parties produced or obtained during discovery in said action, agrees to be bound as follows:

1. The undersigned agrees to be bound by the provisions of the Protective Order.

2. All confidential information disclosed to the undersigned pursuant to the Protective Order shall not be disclosed, disseminated, or published by the undersigned except as permitted in the Protective order.

3. The undersigned agrees that he or she shall not acknowledge the existence of the confidential information to anyone for any reason at any time except as permitted in the Protective Order.

4. The undersigned agrees that he or she shall take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of the confidential information as designated under the Protective Order.

5. The undersigned agrees that, after his or her permitted use of the confidential materials and documents is completed, he or she shall return any and all confidential materials and documents received to the person or entity from which he or she received the confidential materials and documents.

6. The undersigned agrees that the terms of this Nondisclosure Agreement shall continue after return of the confidential materials and documents.

Date:_____       _____
                                  Signature – Recipient of Confidential Information
                                  _____
                                  Name (Printed)

                                  Address:_____
                                  _____
                                  Employer:  _____