# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| K.S., and B.W.,<br><br>            Plaintiffs,<br><br>  vs.<br><br>DOUGLAS COUNTY SCHOOL DISTRICT #17, HEIDI WEAVER, in her individual and official capacities; MATTHEW FEDDE, in his individual and official capacities; KIP COLONY, in his individual and offical capacities; MICHELLE KLUG, in her individual and official capacities; and ANDREW PINKALL, in his individual and official capacities;<br><br>            Defendants. | **8:19CV301**<br><br>**SECOND AMENDED FINAL PROGRESSION ORDER** |

      This matter is before the Court following a scheduling conference held on September 30, 2020 on the Plaintiff's Motion to Continue Expert Deadline. (Filing No. 45.) The motion is granted. Accordingly,

      IT IS ORDERED that the provisions of the Court's final progression orders remain in effect and in addition to those provisions, the following shall apply:

1) The status conference presently scheduled for March 24, 2021 **is canceled**. A status conference **to discuss the status of case progression, the parties' interest in settlement and trial and pretrial conference settings**, will be held with the undersigned magistrate judge on **September 27, 2021** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 46.)

2) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **October 11, 2021**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **October 25, 2021**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

       For the plaintiff(s):        **April 12, 2021**
       For the defendant(s):      **June 14, 2021**

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s): **May 17, 2021**
    For the defendant(s): **July 12, 2021**

5) The deposition deadline is **October 11, 2021**.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 15.
    b. Depositions will be limited by Rule 30(d)(1).

6) The deadline for filing motions to dismiss and motions for summary judgment is **October 25, 2021**.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **October 25, 2021**.

8) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 7th day of October, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.