IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| K.S. and B.W.,<br><br>                Plaintiffs,<br><br>    v.<br><br>DOUGLAS COUNTY SCHOOL DISTRICT #17, HEIDI WEAVER, in her individual and official capacities; MATTHEW FEDDE, in his individual and official capacities; KIP COLONY, in his individual and official capacities; MICHELLE KLUG, in her individual and official capacities; and ANDREW PINKALL, in his individual and official capacities,<br><br>                Defendants. | 8:19CV301<br><br>ORDER |

        On April 9, 2021, defendants Douglas County School District #17, Heidi Weaver, Kip Colony, Michelle Klug, and Andrew Pinkall (collectively, the "district") moved for partial summary judgment with respect to Counts III, V, and VI of plaintiffs K.S. and B.W.'s (together, "plaintiffs") Complaint (Filing No. 1). *See* Fed. R. Civ. P. 56(a). The district argued those counts should be dismissed because they are precluded by the "intentional-tort exemption" of the Political Subdivision Torts Claim Act ("PSTCA"), s*ee* Neb. Rev. Stat. § 13-910(7), as plaintiffs' claims are "inextricably linked" to and "arise out of" an assault or battery under Nebraska law. *See Edwards v. Douglas Cnty.*, 953 N.W.2d 744, 757 (Neb. 2021); *see also KD v. Douglas Cty. Sch. Dist. No. 001*, 1 F.4th 591, 600 (8th Cir. 2021) (applying the intentional-tort exemption under Nebraska law).

        On June 30, 2021, the Court issued a Memorandum and Order ("Memorandum and Order") (Filing No. 85) granting the district's motion. Now pending before the Court is the plaintiffs' Motion for Reconsideration (Filing No. 86).

As they originally argued in opposition to summary judgment, the plaintiffs opine the district's negligent "failure to respond to the boundary invasions themselves are actionable regardless of whether a sexual assault occurred" and did not "arise out of" Matthew Fedde's assault of E.W. The Court already rejected that argument, and the plaintiffs provide no additional support for it. In light of the record in this case and the breadth of the intentional-tort exemption under Nebraska law, the Court reasoned that the plaintiffs' claims "sound[] in negligence but . . . [are] inextricably linked to, an assault or battery" and "rel[y] on the sort of semantic recasting of events" that Nebraska Courts "consistently reject[]." *Edwards*, 953 N.W.2d at 757 ("Plaintiffs cannot circumvent the assault and battery exemption through 'artful pleading'" (quoting *Jill B. v. State*, 899 N.W.2d 241, 265 (Neb. 2017))). Having carefully considered the parties' submissions, the Court sees no compelling reason to reconsider the rationale stated in the Memorandum and Order.

Accordingly, plaintiffs K.S. and B.W.'s Motion for Reconsideration (Filing No. 86) is denied.

IT IS SO ORDERED.

Dated this 16th day of September 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge